Dale Owen Peterson, and
The Juice Bar, LLC, a Minnesota
limited liability company,

          Plaintiffs,

v.

The City of Florence, Minnesota,
a Municipal corporation,

          Defendant.

Civil No. 11-2233 (DWF/JJK)

**MEMORANDUM
OPINION AND ORDER**

_____

Bryan R. Battina, Esq., Battina Law, PLLC; and James F. Lester, Esq., James F. Lester, Attorney at Law, counsel for Plaintiffs.

James J. Thomson, Esq., and Mary D. Tietjen, Esq., Kennedy & Graven, Chartered, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on a motion for contempt brought by Defendant City of Florence, Minnesota ("Florence" or the "City") (Doc. No. 59). For the reasons stated on the record at the hearing on this matter and based upon the submissions and arguments of both parties, the record in this case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1.  Defendant's Motion for Contempt Order (Doc. [No. 59]) is **GRANTED.**

2.  Dale Peterson and the Juice Bar, LLC, are in constructive civil contempt of the Court's August 1, 2012 Order.

3.  Plaintiffs are ordered to immediately close the commercial operations at 310 Blaine Street in Florence, Minnesota.

4.  Plaintiffs shall pay Defendant $2,000 for the commercial, sexually-oriented business operations at 310 Blaine Street in Florence, Minnesota, on August 17, 2012 in violation of the Court's August 1, 2012 Order within thirty (30) days of the date of this Order.

5.  If Defendants submit affidavits to the Court demonstrating that Plaintiffs have violated this Court's August 1, 2012 Order on subsequent occasions, Plaintiffs shall pay $2,000 for each additional violation.

6.  Finding that Plaintiffs' non-compliance with the Court's August 1, 2012 Order required the Defendants to file the current motions before the Court, the Court further orders Plaintiffs to pay Defendant for all costs and attorney fees incurred in enforcing and assuring compliance with this Court's August 1, 2012 Order, including the attorney fees and costs relating to the current motions before the Court.

7. Defendant is respectfully directed to submit an affidavit to the Court by September 24, 2012, setting forth the attorney fees and costs sought pursuant to this provision. Plaintiffs may then submit a response to Defendant's affidavit to be filed with the Court by October 1, 2012.

Dated: September 13, 2012         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

**MEMORANDUM**

The facts of this case and applicable scope of review are fully set forth in the Court's August 1, 2012 Order. (Doc. No. 56.) The Court only briefly restates and updates the background facts and applicable law here. By an August 1, 2012, Memorandum Opinion and Order in this matter, the Court found the zoning and licensing ordinances challenged by Plaintiffs to be constitutional. Specifically, the Order stated that, "Plaintiffs are enjoined from operating any business or commercial use within the City of Florence." (Doc. No. 56 at 15 ¶ 3.) As a result, the Court enjoined Plaintiffs from operating a sexually-oriented business at 310 Blaine Street in Florence, Minnesota, in violation of Florence city ordinances.

Generally, after a court issues an injunction, "it automatically retains jurisdiction to enforce it." *Picon v. Morris*, 933 F.2d 660, 662-63 (8th Cir. 1991) (quoting *United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988)). Courts have inherent powers to enforce their judgments. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). To prevail on a contempt motion, the party seeking contempt bears the burden of proving the facts

by clear and convincing evidence. *Jake's Ltd., Inc. v. City of Coates,* 356 F.3d 896, 899-900 (8th Cir. 2004).

Since August 17, 2012, Plaintiffs have continued to operate a commercial adult entertainment business (now called Dale's Party House) at 310 Blaine Street in Florence, Minnesota, prompting Defendant's current motion for an order of contempt. In opposition, Plaintiffs argue that they are in compliance with the Court's Order and they are not in violation of Florence city ordinances because Peterson resides at the property and its principal use is not commercial. Plaintiffs further assert that rather than operating a sexually-oriented business, they are operating a private club for which they charge a "lodging fee" to enter and that the terms "commercial use" and "principal use" render the ordinances vague and ambiguous. The Court is not persuaded.

The "lodging fee" is an admission fee. The "lodging fee" is the functional equivalent of the admission charge Plaintiffs seek to avoid, and the Court will not allow Plaintiffs to dodge the force of the Court's Order by engaging in games of labeling and semantics. Plaintiffs have continued to operate their business as they always have. Dale's Party House offers live nude dancing for which it receives payment from its patrons, at a minimum, as they enter the establishment. Plaintiffs' attempt to alter the guise under which they collect these charges does not alter the fact of their collection. On August 17, 2012, Lyon County Sheriff's Deputies readily observed twenty-five cars outside the property, live nude dancing including a dancing pole, exercise bike, and private "VIP" area. (Doc. No. 61, Exs. E, F, G.) Plaintiffs have placed numerous newspaper advertisements and do not deny the existence of an exercise pole and exercise

4

equipment. (Doc. No. 61, Exs. A, B, Doc. No. 70, Peterson Aff. ¶¶ 6-7.) The Court finds, based upon the facts and circumstances presented in the record, that the occurrence of such specified sexual activities demonstrates that Plaintiffs operated as a sexually-oriented business in violation of Florence City Ordinance Nos. 2011-09, 2011-02, and 2008-02 when they re-opened on August 17, 2012. (Doc. No. 61, Exs. A, B, C, E, F, G.)

The Court finds, based upon the facts and circumstances presented in the record, that the activities going on at 310 Blaine Street are commercial activities as defined by Florence City Ordinance Nos. 2011-09, 2011-02, and 2008-02. Plaintiffs have failed to abide by this Court's August 1, 2012 Order on August 17, 2012, the date that Plaintiffs re-opened their business. Accordingly, the Court finds that by continuing to operate Dale's Party House at 310 Blaine Street in Florence, Minnesota, Plaintiffs are in constructive contempt of this Court's August 1, 2012 Order. Plaintiffs' opposition to Defendant's current motion, while perhaps creative, was not brought in good faith, but, rather, as a last minute attempt to postpone the effect of valid ordinances and the orders of this Court. The Court finds and concludes that there is clear and convincing evidence, based upon the record before the Court, that Plaintiffs Dale Peterson and the Juice Bar, LLC, willfully and intentionally violated the Court's Order of August 1, 2012.

D.W.F.